**Veronica Natali VALENCIA–VASQUEZ, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 08–71775.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 16, 2010.*

Filed Feb. 23, 2010.

Claudia Jasmine Lopez, Esquire, Law Offices of Mendez & Lopez, Los Angeles, CA, for Petitioner.

Gregory Darrell Mack, Esquire, Senior Litigation Counsel, OIL, Shahrzad Baghai, DOJ–U.S. Department of Justice, Washington, DC, District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

### MEMORANDUM **

Veronica Natali Valencia–Vasquez, a native and citizen of El Salvador, petitions

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey,* 512 F.3d 1163, 1166 (9th Cir.2008), except to the extent that deference is owed to the BIA's determination of the governing statutes and regulations, *Simeonov v. Ashcroft,* 371 F.3d 532, 535 (9th Cir.2004). We review factual findings for substantial evidence. *Zehatye v. Gonzales,* 453 F.3d 1182, 1184–85 (9th Cir.2006). We deny the petition for review.

We reject Valencia–Vasquez's claim that she is eligible for asylum and withholding of removal based upon an anti-gang political opinion or based upon her membership in a particular social group. *See Barrios v. Holder,* 581 F.3d 849, 854–56 (9th Cir. 2009); *Santos–Lemus v. Mukasey,* 542 F.3d 738, 745–46 (9th Cir.2008). Accordingly, because Valencia–Vasquez failed to demonstrate that she was persecuted or fears future persecution on account of a protected ground, we deny the petition as to her asylum and withholding of removal claims. *See Barrios,* 581 F.3d at 856.

Substantial evidence supports the agency's denial of CAT relief because Valencia–Vasquez failed to establish it was more likely than not that she would be tortured by or at the instigation of or with the consent or acquiescence of a public official. *See Santos–Lemus,* 542 F.3d at 747–48.

Valencia–Vasquez's due process claim fails because, contrary to her contention, the BIA issued a reasoned decision and

not a streamlined order pursuant to 8 C.F.R. § 1003.1(e)(4).

**PETITION FOR REVIEW DENIED.**